### SEAMAN v. MILLER, Alien Property Custodian, et al.

(District Court, E. D. New York. November 10, 1921.)

Equity ☞437—District Court may restrain transfer of stock issued to avoid effect of decree.

The District Court, on motion of a party, whose right to 490 of 500 shares of stock of a corporation was established by its decree, in an action of which it had jurisdiction, may restrain the transfer or assignment of additional shares issued to avoid the effect of such decree.

. Motion by Elizabeth C. Seaman for injunction pendente lite restraining Thomas W. Miller, as Alien Property Custodian of the United States, and others, from transferring stock of a corporation. Objection to jurisdiction of court overruled.

Booth & Hewitt, of New York City (Spier Whitaker, of New York City, of counsel), for complainant.

Griggs; Baldwin & Baldwin, of New York City (Martin Conboy, of New York City, of counsel), for defendants Steel Barrel Co. of America and Paul Towner.

GARVIN, District Judge. This is a motion by plaintiff for an injunction pendente lite, restraining the defendants Cochrane, Towner,

and Steel Barrel Company of America, Inc., from transferring, assigning, or attempting to transfer or assign to any one 750 shares of the capital stock of defendant Steel Barrel Company of America, Inc., which were issued by that company for the obvious purpose of avoiding the effect of a decree of this court following a trial of the action of Cochrane v. Garvan et al., decided heretofore and reported at 263 Fed. 940. The stock appears to have been actually issued before the decision was announced.

The defendants Steel Barrel Company of America and Towner appear specially for the purpose of questioning the jurisdiction of the court, upon the ground that the facts in this controversy are not germane to the original action. The relief demanded by the plaintiff in the suit at bar is that the action of the stockholders of the Steel Barrel Company of America 'n increasing its capital stock from 500 shares to 1,250 shares be declared illegal, null, and void, and that the Alien Property Custodian and the Steel Barrel Company of America be ordered, directed, and required to transfer to plaintiff upon the records and books of said corporation 490 shares out of a total authorized capital stock of 500 shares of said Steel Barrel Company of America, and that the latter company be ordered and required to issue and deliver to plaintiff a certificate representing said 490 shares.

I have carefully examined all the authorities submitted by the defendants who appear specially, and I do not find that any of them even suggests that a party whose rights have been fixed and settled by a decree of a federal court made in an action of which that court concededly had jurisdiction, is without remedy to enforce those rights by way of supplemental bill and bill of revivor against an attempt to render worthless the relief granted by the court in the original suit. If solemn judgments of the court are thus to be set at naught, by parties who fear a result unfavorable, decrees are meaningless, and one of the great branches of the government, through which justice is intended to be secured, is shorn of power. I regard the action of these defendants as a deliberate, willful, and premeditated attempt to avoid the effect intended by the court to follow its decision—a decision which no party affected thereby attempted to review.

The objection to the jurisdiction of the court is overruled, and the motion may be argued upon the merits as soon as counsel find it convenient.